UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN H. HANDY,<br><br>    Petitioner,<br><br>v.<br><br>GREGORY SCHWARTZ,<br><br>    Respondent. | Case No. 08-cv-242-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 13) of Magistrate Judge Philip M. Frazier recommending that the Court deny the respondent's[1] motion to dismiss (Doc. 9) petitioner John H. Handy's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking immediate release from a sentence imposed after a revocation of supervised release based on an allegedly erroneous calculation of his release date. The respondent has objected (Doc. 14).

Since the Report and objections were filed, Handy was released from state custody and is not serving any kind of supervised release or parole term. The respondent has filed a motion to dismiss the pending petition as moot in light of that release and the lack of collateral consequences from any alleged erroneous calculation of Handy's revocation sentence (Doc. 16). Handy has responded (Doc. 17) urging the Court to decide the issue despite his release.

This Court has jurisdiction only over cases or controversies. U.S. Const. art. III, § 2. Thus, when cases become moot – for example, when the Court can offer no relief because the harm is done and cannot be undone – the Court no longer has jurisdiction to hear it. At first

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Gregory Schwartz has been automatically substituted for Daniel Austin as the respondent in this case.

blush, it appears that when a habeas petitioner is released, his habeas petition seeking release becomes moot because he is no longer in custody. However, "[a] petition for habeas corpus filed while a person is in custody does not become moot at the end of custody if the person suffers sufficient collateral consequences from the sentence." *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Those collateral consequences can include, for example, the inability to hold public office, vote in state elections and serve as a juror. *See Carafas v. La Vallee*, 391 U.S. 234, 237-38 (1968). Collateral consequences are, in fact, presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer*, 523 U.S. at 7-8; *Cochran*, 381 F. 3d at 641. However, where a released petitioner does not challenge his underlying criminal conviction but only a parole revocation, such consequences are questionable and speculative, and no such presumption exists. *See Spencer*, 523 U.S. at 12-13. The same rationale applies to petitions challenging sentence calculations where no collateral consequences are likely.

Handy has not pointed to any collateral consequence or disability he continues to suffer from the alleged improper calculation of his sentence that the Court could remedy. Thus, there is no longer a case or controversy, and Handy's petition is moot.

For this reason, the Court **GRANTS** the respondent's motion to dismiss (Doc. 16), **DISMISSES** Handy's petition for a writ of habeas corpus **as moot**, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: January 5, 2009**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**